UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

```
JAMES EDWARD LANG, JR.,       :    Civil No. C-1-02-121
                              :    Judge Weber
        Plaintiff,            :    Magistrate Judge Perelman
                              :
    vs.                       :    DEFENDANTS' MOTION FOR
                              :    SUMMARY JUDGMENT AND
JOHN E. POTTER, Postmaster    :    MEMORANDUM OF LAW
General, et al.,              :    IN SUPPORT
                              :
        Defendants.           :
```

John E. Potter, Postmaster General of the United States, and Brian Abeling and Larry Smith, Postal Service supervisors, the defendants herein, respectfully move the Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for an order granting them summary judgment as (1) there are no genuine issues of material fact in dispute and (2) they are entitled to a judgment as a matter of law.

The basis for this motion is twofold.  First, Plaintiff Lang's claims in this employment discrimination lawsuit against two of his former supervisors, i.e., Defendant Brian Abeling and Defendant Larry Smith, must fail because, in conformity with 42 U.S.C. 2000e-16(c) and well settled case authority, only the head of a federal agency is a proper party defendant in a discrimination lawsuit involving federal employment.

Second, Plaintiff Lang is precluded from proceeding with

this lawsuit pursuant to the terms of a November 30, 2000 Settlement Agreement that, with the assistance of legal counsel, he entered into with the Postal Service concerning his removal of October 26, 1996.  Specifically, Plaintiff Lang agreed as follows: "This Settlement Agreement ...fully and finally resolves the Appellant's [i.e., Plaintiff Lang's] instant MSPB appeal and all other administrative or legal actions arising from Appellant's October 26, 1996 removal."

The reasons supporting this motion are more fully set forth in the accompanying legal memorandum, including the attached Declaration of Arthur S. Kramer, an attorney in the Law Department of the United States Postal Service and the exhibits thereto.

**MEMORANDUM**

I.  Factual Statement

James Lang was a window/distribution clerk for the United States Postal Service who was removed from employment on October 26, 1996 for having struck his supervisor with a cane on August 23, 1996. (See Declaration of Arthur S. Kramer ¶2 and ¶7, attached hereto).

Plaintiff Lang filed an Equal Employment Opportunity Commission ("EEOC") complaint against the Postal Service, claiming that his removal was discriminatory because of his race (black)and handicap "IOD (injury on duty) to his lower back pain"

and was in reprisal for his prior EEO activity in January of 1996. (Kramer Dec, ¶3).

Plaintiff Lang was a 10-point veteran. As such, he could appeal his removal to the EEOC, for discrimination claims, or to the Merit Systems Protection Board ("MSPB"), for a "mixed case," in which he could pursue both discrimination and non-discrimination allegations against his employer. Federal regulations require him to initially chose one forum or the other. See 29 C.F.R. §1614.302(b). (Kramer Dec, ¶4).

Plaintiff Lang chose the EEOC process. In an affidavit submitted during the administrative processing of Plaintiff Lang's EEOC complaint, his supervisor, Brian Abeling, described the events that supported Plaintiff Lang's removal. In sum, Brian Abeling stated as follows: On August 23, 1996, Plaintiff Lang was in the office to pick up his check and fill out an absence control form, PS Form 3971. Mr. Abeling told Plaintiff Lang he needed better documentation of his medical excuse than "lower back pain." Plaintiff Lang got angry and told Mr. Abeling "You're not my f___king boss. I don't answer to you. I'm my own boss." and "You're not a f___king doctor." Plaintiff Lang started to leave and Mr. Abeling caught up with him on the loading dock, wanting to make sure Plaintiff Lang knew what documentation he wanted. Plaintiff Lang turned, poked Mr. Abeling in the throat and neck area with his cane and said "stay

out of my f___king way."  Then Plaintiff Lang turned and walked away.  (Kramer Dec, ¶5).

Both Mr. Abeling and Plaintiff Lang called the U.S. Postal Service Inspection Service to report they had been assaulted. The Inspection Service took witness statements and eventually produced a report, an Investigative Memorandum ("IM"), largely supportive of Mr. Abeling's account (Kramer Dec, ¶6).

On September 11, 1996, Plaintiff Lang was placed off duty for striking his supervisor, Brian Abeling. Notably, Mr. Abeling was the proposing supervisor on the emergency placement and Larry Smith was the concurring higher official. (Kramer Dec, ¶7).

Mr. Abeling's and Mr. Smith's affidavits in the EEOC file indicate they had no knowledge of Plaintiff Lang's prior EEO activity.  Mr. Smith's October 21, 1996 letter of decision concurring with the proposed removal notes that Plaintiff Lang made no  appearance and offered no written or oral response to defend or explain himself.  Mr. Smith sustained the charge, in part, because Plaintiff Lang showed no remorse. (Kramer Dec, ¶7).

In the EEOC process, Plaintiff Lang asked for a hearing, which was held on May 21, 1998 before Administrative Judge Carl M. Hammond.  On September 30, 1998 Judge Hammond issued a recommended finding of "no discrimination/reprisal."  Judge Hammond found no evidence to support Plaintiff Lang's claims of race discrimination, handicap discrimination or reprisal.  In

fact, Judge Hammond determined that Plaintiff Lang had not proven even that he was disabled.  Judge Hammond's decision became the Postal Service's Final Agency Decision ("FAD") on or about December 5, 1998.  Plaintiff Lang appealed that decision to the Office of Federal Operations of the EEOC which affirmed the agency's FAD on or about December 14, 2001.  Plaintiff Lang then brought the present lawsuit. (Kramer Dec, ¶8).

In addition to the EEOC and MSPB options, Plaintiff Lang had the right to appeal both his emergency off duty placement and his removal through his union contract grievance procedure.  He did so.  On November 21, 1997, Arbitrator Michael E. Zobrak sustained the emergency placement and removal, finding "just cause" for management's actions. (Kramer Dec, ¶9).

Plaintiff Lang appealed to the MSPB on December 21, 1998, after he'd already lost his arbitration and the EEO hearing.  The Postal Service contended that the Board had no jurisdiction.  The Central Region MSPB Judge (Chicago Office) dismissed the appeal as untimely, which was affirmed by the MSPB, with one dissent. (Kramer Dec, ¶10).

On July 26, 2000, the Federal Circuit reversed the decision of the MSPB on the grounds that 5 C.F.R. §1201.154(b)(2) gave a federal employee with a mixed case the option of filing with the MSPB if the agency had not resolved the EEOC case within 120 calendar days.  The Federal Circuit noted that since Plaintiff

Lang's EEOC complaint was filed January 6, 1997, his MSPB case could have been filed 120 days later, i.e., any time after May 6, 1997. (Kramer Dec, ¶11).

On remand from the Federal Circuit, the case was reassigned to MSPB Administrative Judge Frederick L. Fishman. The Postal Service designated its counsel as Kara Lynn Svendssen, Esq. Plaintiff Lang designated his counsel as Marshall C. Hunt, Jr., Esq. (Kramer Dec, ¶12).

On November 30, 2000, the parties met with Judge Fishman and agreed to resolve the litigation. A copy of the Settlement Agreement is attached as Exhibit "A" to the Kramer Declaration. The Settlement Agreement provides, in part, as follows: 1) Plaintiff Lang's October 26, 1996 removal would be rescinded; 2) Plaintiff Lang would be deemed to have resigned from the Postal Service effective October 26, 1996; 3)Plaintiff Lang's Form 50 (official personnel action notice) would be changed to reflect a resignation rather than a removal, and documents to the contrary were to be removed from official files; 4) Plaintiff Lang would never apply for Postal Service employment again; 5)the Settlement Agreement would remain confidential except for enforcement or other legitimate purposes; 6) the Settlement Agreement could not be used as precedent in any other proceeding; 7) each party had the opportunity to consult with legal counsel and each understood and voluntarily entered into the Settlement Agreement; 8) no

attorney fees would be paid; and 9) the Settlement Agreement would become part of the MSPB record and would be enforceable by the MSPB. (Kramer Dec, ¶13).

Significantly, the Settlement Agreement also provided as follows: "<u>This Settlement Agreement</u> constitutes the entire agreement between the parties and <u>fully and finally resolves</u> the Appellant's instant MSPB appeal and <u>all other administrative or legal actions arising from Appellant's October 26, 1996 removal</u>..." (emphasis added). (Kramer Dec, ¶14).

On January 16, 2001, Judge Fishman accepted the settlement into the MSPB record for enforcement purposes but otherwise dismissed the appeal. (Kramer Dec, ¶15).

Attached to the Kramer Declaration as Exhibit "B" are copies of Postal Service Form 50s showing that the Postal Service changed its records to reflect Plaintiff Lang's "resignation" rather than a "removal" for improper conduct of striking a supervisor.[1]  The change was effected December 21, 2000, in compliance with the November 30, 2000 Settlement Agreement. (Kramer Dec, ¶16).

---

[1] Exhibit B-1 is a copy of Plaintiff Lang's PS Form 50 effective November 21, 1997, the date of Arbitrator Michael e. Zobrak's decision sustaining the removal. Box 79 notes that the personnel action taken was "removal."  Exhibit B-2 is a copy of Plaintiff Lang's PS Form 50 effective December 21, 2000 showing in Box 79 that substituted the personnel action taken was "resignation."

II. <u>Argument</u>

    A. <u>Defendant Brian Abeling And Defendant Larry Smith Are Not Proper Parties To This Lawsuit.</u>

In addition to the Postmaster General, Plaintiff Lang brought this employment discrimination lawsuit against Brian Abeling and Larry Smith, the supervisor and manager who proposed and approved Plaintiff Lang's removal from employment on October 26, 1996. However, Defendant Abeling and Defendant Smith are not proper parties to this lawsuit.

In this regard, it is well settled that only the head of a federal department or agency may be named as a defendant in an action brought to redress purported employment discrimination involving a federal agency. <u>See</u>, 42 U.S.C. §2000e-16(c) ("...an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in section 2000e-5 of this title, <u>in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant</u>."), (emphasis added); <u>see also</u>, <u>Stiles v. Frank</u>, 1992 WL 188111 (6th Cir. Aug. 6, 1992) (copy attached); <u>Honeycutt v. Lang</u>, 861 F.2d 1346, 1348-1349 (8th Cir. 1988); <u>Folley v. Henderson</u>, 175 F.Supp. 2d 1007, 1011 (S.D. Ohio 2001).

Thus, consistent with 42 U.S.C. §2000e-16(c) and the above-referenced caselaw, Defendant Brian Abeling and Defendant Larry

Smith must be dismissed as parties to this lawsuit.

    B.    Plaintiff Lang Settled The Matter At Issue In An Administrative Forum And <u>Waived His Right To Pursue This Action.</u>

Plaintiff Lang was terminated by the Postal Service on October 26, 1996 for having struck his supervisor with a cane on August 23, 1996.  Plaintiff Lang presented his claims in three separate forums and lost in each: the grievance procedure under his collective bargaining agreement, before an administrative judge of the EEOC and again in the Merit Systems Protection Board.  The tortuous path through these administrative procedures is set forth above.

Plaintiff has filed this employment discrimination action within 90 days of receipt of a decision of the Office of Federal Operations ("OFO") of the EEOC.  He had appealed to OFO from the Postal Service FAD which adopted EEOC Administrative Judge Hammond's findings of "no discrimination or reprisal."

Plaintiff Lang has expressed his cause of action in this district court as: "Inspector Arthur was to investigate the incident.  Two hours later I was placed on admin. leave, which I was terminated for striking a supervisor.  This occurred 23 August 1996, at the Corryville Station."

Attached to the Complaint is the OFO Decision affirming the Postal Service's dismissal of Plaintiff Lang's EEO complaint.  It clearly indicates that it relates to the October 1996 removal of

Mr. Lang from employment by the Postal Service for striking his supervisor.

Plaintiff Lang challenged his removal in the arbitration process and before the MSPB as well.  Although he lost in arbitration, the MSPB appeal was settled on November 30, 2000. See Exhibit "A" to the Declaration of Arthus S. Kramer.

The Settlement Agreement clearly indicates that the subject of the MSPB appeal was the October 26, 1996 removal.  Plaintiff Lang was represented by counsel, Marshall Hunt, Esq.  The Postal Service and Plaintiff Lang agreed to change Plaintiff Lang's removal to a resignation and sanitize official records so the removal would no longer be of record.  Plaintiff Lang was to never apply for Postal Service employment again and the Postal Service was to pay no back pay or attorney's fees.

The critical paragraph of the Settlement Agreement was paragraph 6, which provides:

> 6) <u>This Settlement Agreement</u> constitutes the entire agreement between the parties and <u>fully and finally resolves</u> the Appellant's instant MSPB appeal and <u>all other administrative or legal actions arising from Appellant's October 26, 1996 removal</u>. Further, Appellant agrees to withdraw the instant MSPB appeal. (emphasis added)

Not only the MSPB appeal but "all other administrative or legal actions arising from Appellant's October 26, 1996 removal" were resolved in the Settlement Agreement.  Having pursued and lost his EEOC complaint in a FAD in December 1998, and with his

OFO appeal pending on November 30, 2000, the EEOC administrative proceeding was clearly an "administrative or legal action arising from Plaintiff Lang's October 26, 1996 removal.

The MSPB settlement required the Postal Service to change Plaintiff Lang's removal to a resignation. The Postal Service complied with the Settlement Agreement. See Exhibit "B" to the Declaration of Arthur S. Kramer. Plaintiff Lang cannot now disregard the Settlement Agreement and pursue a claim against the Postmaster General in this Court concerning his October 26, 1996 removal.

Caselaw in the Sixth Circuit holds that a settlement agreement which resolves claims arising out of the termination of employment, such as that entered into by Plaintiff Lang and the Postal Service herein, is enforceable and precludes litigation with respect to the settled matters. See, Eppley v. Henderson, 2000 WL 125749 (6th Cir. Jan. 28, 2000) (copy attached); Johnson v. Hanes Hosiery, 1995 WL 329453 (6th Cir. June 1, 1995) (copy attached); Folley v. Henderson, 175 F.Supp 2d 1007, 1011-1013 (S.D. Ohio 2001); Wyche v. Proctor & Gamble, 772 F.Supp. 982, 984 (S.D. Ohio 1990).

Based upon the Settlement Agreement of November 30, 2000 and the above-referenced caselaw, Plaintiff Lang should be precluded from asserting any claims with respect to his October 26, 1996 removal from the Postal Service.

III. <u>Conclusions</u>

    For the foregoing reasons, Defendants' Motion for Summary Judgment is well taken and should be granted.

                                        Respectfully submitted,

                                        GREGORY G. LOCKHART
                                        United States Attorney

                                        <u>s/Gerald F. Kaminski</u>
                                        GERALD F. KAMINSKI (0012532)
                                        Assistant United States Attorney
                                        Attorney for Defendant
                                        221 East Fourth Street, Suite 400
                                        Cincinnati, Ohio 45202
                                        (513) 684-3711

Of Counsel:

ARTHUR S. KRAMER
Law Department
Philadelphia Field Office
United States Postal Service
P.O. Box 40595
Philadelphia, PA 19197-0595
(215) 931-5079

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT was served this 23rd day of February, 2004 by regular U.S. mail, postage prepaid on: James Edward Lang, Jr., 5460 Bahama Terrace, Apt. 7, Cincinnati, OH 45223.

                                                s/Gerald F. Kaminski
                                                GERALD F. KAMINSKI (0012532)
                                                Assistant United States Attorney