UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JAMES EDWARD LANG, JR., | ) |
|     Plaintiff | ) |
| v. | ) Civil Action No. C-1-02-121 |
| JOHN E POTTER, POSTMASTER GENERAL, BRIAN ABELING, LARRY SMITH, | ) JUDGE WEBER<br>) Magistrate Judge Perelman |
|     Defendants | ) |

### DECLARATION OF ARTHUR S. KRAMER

I, Arthur S. Kramer, make the following declaration pursuant to 28 U.S.C. § 1746:

1. I am an attorney in the Law Department of the United States Postal Service, assigned to defend this case. I have access to Postal Service files concerning James Lang, employment records as well as litigation files. I make this declaration based upon my review of documents in those files; any documents attached are true and complete.

2. James Lang was a window /distribution clerk for the United States Postal Service who was removed from employment October 26, 1996 for an incident on August 23, 1996.

3. He alleged in his Equal Employment Opportunity Commission ("EEOC") complaint that he was the victim of discrimination because of his race (black), handicap "IOD (injury on duty) to his lower back pain" and in reprisal for prior EEO activity in case no. 4C-450-

1026-96 dated January 11, 1996.

    4.    Mr. Lang was a 10-point veteran so he could appeal his removal to the EEOC, for discrimination claims, or to the Merit Systems Protection Board ("MSPB"), for a "mixed case," discriminatory and non-discriminatory alleged employer motivation. Federal regulations require him to initially chose one forum or the other. See 29 CFR § 1614.302(b).

    5.    Mr. Lang chose the EEOC process. Mr. Lang's supervisor, Brian Abeling, provided the EEOC investigation with an affidavit describing the events that supported Mr. Lang's removal. On August 23, 1996, Mr. Lang was in the office to pick up his check and fill out an absence control form, PS Form 3971. Mr. Abeling told Mr. Lang he needed better documentation of his medical excuse than "lower back pain." Mr. Lang got angry and told Mr. Abeling "You're not my f___king boss. I don't answer to you. I'm my own boss." and "You're not a f___king doctor." Mr. Lang started to leave and Mr. Abeling caught up with him on the loading dock, wanting to make sure Mr. Lang knew what documentation he wanted. Mr. Lang turned, poked Mr. Abeling in the throat and neck area with his cane and said "stay out of my f___king way". Then Mr. Lang turned and walked away.

    6.    Both Mr. Abeling and Mr. Lang called the U.S. Postal Inspection Service to report they had been assaulted. The Inspection Service took witness statements and eventually produced a report, an Investigative Memorandum ("IM"), largely supportive of Mr. Abeling's account.

7. On September 11, 1996, Mr. Lang was placed off duty for striking a supervisor, Brian Abeling. Notably, Mr. Abeling was the proposing supervisor on the emergency placement and Larry Smith was the concurring higher official. They are named in this district court complaint but they are not proper parties to a Title VII action over employment discrimination in the federal government; only the head of the agency is to be the named defendant. The Postmaster General is John E. Potter. See 42 U.S.C. § 2000e-16(c). Mr. Abeling's and Mr. Smith's affidavits in the EEOC file indicate they had no knowledge of Mr. Lang's prior EEO activity. Mr. Smith's October 21, 1996 letter of decision supporting the removal notes that Mr. Lang made no appearance and offered no written or oral response to defend or explain himself. Mr. Smith sustained the charge, in part, because Mr. Lang showed no remorse.

8. In the EEOC process, Mr. Lang asked for a hearing, which was held on May 21, 1998 before Administrative Judge Carl M. Hammond. On September 30, 1998, Judge Hammond issued a recommended finding of "no discrimination/reprisal". Judge Hammond found no evidence to support Mr. Lang's claims of race discrimination, handicap discrimination or reprisal. He didn't even find that Mr. Lang had proven he was disabled. That became the Postal Service's Final Agency Decision ("FAD") on or about December 5, 1998. Mr. Lang appealed to the Office of Federal Operations of the Equal Employment Opportunity Commission which issued a decision affirming the agency's FAD on December 14, 2001. That is the decision from which Mr. Lang has filed this Title VII district court action, apparently within 90 days of his receipt of the decision.

9. In addition to the EEOC and MSPB options, Mr. Lang had the right to appeal both his emergency placement off duty and his removal through his union contract grievance procedure. He did so. On November 21, 1997, Arbitrator Michael E. Zobrak sustained the emergency placement and removal, finding "just cause" for the employer's actions.

10. Mr. Lang appealed to the MSPB on December 21, 1998, after he'd already lost his arbitration and the EEO hearing. The agency contended that the Board had no jurisdiction. The Central Region MSPB Judge (Chicago Office) dismissed the appeal as untimely, which was affirmed by the MSPB, with one dissent.

11. On July 26, 2000, the Federal Circuit reversed the decision of the MSPB on the grounds that 5 C.F.R. § 1201.154(b)(2) gave an Appellant with a mixed case the option of filing with the MPSB if the agency had not resolved the EEOC case within 120 calendar days. The Federal Circuit noted that the EEO complaint was filed January 6, 1997 so (120 days later) his MSPB case could have been filed any time after May 6, 1997. The Federal Circuit specifically said it was not ruling on the issue of timeliness because it was not before them. They only ruled that Mr. Lang's appeal could have been timely any time after May 6, 1997.

12. On remand from the Federal Circuit, the MSPB remanded the case to the Northeastern Region on October 3, 2000, who reassigned the case to Administrative Judge Frederick L. Fishman. The agency designated its counsel as Kara Lynn Svendssen, Esq. Mr. Lang designated his counsel as Marshall C. Hunt, Jr. Esq.

13. On November 30, 2000, the parties met with Judge Fishman and agreed to resolve the litigation. A copy of the Settlement Agreement is attached hereto as Exhibit "A". The operative terms are these: 1) Mr. Lang's October 26, 1996 removal would be rescinded; 2) Mr. Lang would be deemed to have resigned from the Postal Service effective October 26, 1996, and agreed never to apply for Postal Service employment again; 3) Mr. Lang's Form 50 (official personnel action notice) would be changed to reflect his resignation, not removal, and documents to the contrary were to be removed from official files; 4) the agreement was to remain confidential except for enforcement or other legitimate purposes; 5) in light of the unique circumstances, the agreement could not be used as precedent in any other " . . .action, whether a grievance proceeding, an Equal Employment Opportunity Commission (EEOC) matter, an MSPB matter or in any other legal forum, including either state or federal court;" 7) Each party had the opportunity to consult with counsel, each party understood and voluntarily entered into the agreement; 8) no attorney fees would be paid; 9) the parties agree to make the agreement part of the MPSB record and enforceable by the MSPB.

14. The Settlement critically provided: "6) This Settlement Agreement constitutes the entire agreement between the parties and fully and finally resolves the Appellant's instant MSPB appeal <u>and all other administrative or legal actions arising from Appellant's October 26, 1996 removal</u> . . Further, Appellant agrees to withdraw the instant MSPB appeal." (emphasis added).

15. On January 16, 2001, Judge Fishman accepted the settlement into the MSPB record for enforcement purposes but otherwise dismissed the appeal.

16. Attached hereto as Exhibit "B" are copies of Postal Service Form 50s showing that the Postal Service changed its records to reflect a "resignation" rather than a "removal" for improper conduct of striking a supervisor. The change was effected December 21, 2000, clearly after and in compliance with the November 30, 2000 Settlement Agreement.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

EXECUTED this 27th day of March, 2003

_____
Arthur S. Kramer