# Settlement Agreement

James E. Lang

Doc. No CH-0752-99-0147-M-1

v

United States Postal Service

Appellant, James Lang, and his representative, Marshall C. Hunt, Jr Esquire, and the United States Postal Service (Agency), and its representative, Kiira Lynn Svendsen, Esquire, hereby agree to settle the above-captioned Merit Systems Protection Board (MSPB) appeal.

The terms of the Settlement Agreement are as follows

1) Appellant's October 26, 1996 [MHK1] removal will be rescinded.

2) Appellant will ~~resign~~ be deemed to have resigned from the U.S Postal Service effective October 26, 1996. He agrees [KLMH] never to seek and is precluded from seeking any future employment with the U.S Postal Service.

3) Appellant's PS Form 50 will be changed to reflect his resignation, not a removal. The Form 50 will not indicate the Appellant resigned pending charges.* Such change shall be made within 60 days of the date on which this agreement was signed.

[paragraph scribbled out] [MH]

\* These changes will be reflected on lines 77, 79 and 84 of the Form 50 and any other line(s) that refer(s) (explicitly or by code) to the removal action.

Page 1 of 3

EXHIBIT A

The Notice of Proposed Removal dated September 12, 1996 and the Letter of Decision - Removal dated October 21, 1996 and issued to Appellant will be removed from his Official Personnel File, as will the Emergency Placement in Off-Duty Status letter, dated September 11, 1996.

4) This agreement is to remain confidential and its terms will not be disclosed by either the Appellant or the Agency or their respective representatives, except as may be necessary in a related enforcement action or legitimate business purposes.

5) In light of the unique circumstances of this particular case, this agreement may not be used as precedent against the Agency in any other action, whether a grievance proceeding, an Equal Employment Opportunity Commission (EEOC) matter, an MSPB matter or in any other legal forum, including either state or federal court.

6) This Settlement Agreement constitutes the entire agreement between the parties and fully and finally resolves the Appellant's instant MSPB appeal and all other administrative or legal actions arising from Appellant's October 26, 1996 removal. Further, Appellant agrees to withdraw the instant MSPB appeal

7) Each party to this agreement has had ample opportunity to consult with their respective representatives and, having done so, willingly and voluntarily enters into this agreement. Each party understands the terms of this agreement.

8) The parties understand and agree that the Agency will not pay any attorney fees in connection with this matter.

9) The parties agree to make this Settlement Agreement part of the record and enforceable by the MSPB.

_Kara Lynn Svendsen_ 11/30/00
KARA LYNN SVENDSEN
Agency Representative

KLS MCH

DATED 30 NOVEMBER 2000

_[signature]_
MARSHALL C. HUNT, JR
Appellant's Representative

_[signature]_
JAMES E. LANG
Appellant