208 F.3d 213 (Table)  
Unpublished Disposition

(Cite as: 208 F.3d 213, 2000 WL 125749 (6th Cir.(Tenn.)))  
**C**

NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA6 Rule 28 and FI CTA6 IOP 206 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Sixth Circuit.

Robert B. EPPLEY, Plaintiff-Appellant,  
v.  
William J. HENDERSON, Postmaster General, Defendant-Appellee.

No. 99-5439.

Jan. 28, 2000.

Before GUY, RYAN, and BOGGS, Circuit Judges.

ORDER

**1 Robert B. Eppley, a Tennessee citizen, appeals pro se a district court order dismissing his complaint of employment discrimination. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking $250,000 in damages, Eppley filed a complaint on a Title VII form against his local postmaster and post office supervisors, alleging that he had been discriminated against on the basis of his disability when, on May 31, 1996, his supervisor argued with him before allowing him to go home when he was experiencing a diabetic reaction. The district court construed the complaint as one pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq., and indicated that the proper defendant would be the Postmaster General. The district court granted Eppley's motion for pauper status, and, upon review of the complaint, dismissed it as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B). On appeal, Eppley essentially reasserts his claim.

Upon consideration, we conclude that the dismissal of this complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) must be affirmed, as it lacks any arguable basis in law. See Denton v. Hernandez, 504 U.S. 25, 31 (1992).

A discrimination complaint by a federal employee may only be filed in the district court within ninety days of the issuance of a notice of the right to sue by the Equal Employment Opportunity Commission (EEOC). See Ball v. Abbott Adver., Inc., 864 F.2d 419, 420-21 (6th Cir.1988). As the attachments to Eppley's complaint demonstrate, he did not receive notice of the right to sue on this claim because the matter was settled by the EEOC and Eppley released his claim in exchange for $250. The district court also correctly noted that, to the extent Eppley intended to sue on an earlier charge he had filed, it would be untimely, as the notice of right to sue on that charge, also attached to the complaint, had been issued in 1996.

Eppley does not dispute on appeal the district court's conclusions that his claim was settled at the conclusion of proceedings before the EEOC and that he can no longer bring an action based on the earlier charge. Therefore, the district court's order dismissing this complaint is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

208 F.3d 213 (Table), 2000 WL 125749 (6th Cir.(Tenn.)), Unpublished Disposition

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

972 F.2d 348 (Table)  
**Unpublished Disposition**

Page 3

(Cite as: 972 F.2d 348, 1992 WL 188111 (6th Cir.(Tenn.)))

NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA6 Rule 28 and FI CTA6 IOP 206 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Sixth Circuit.

Allen W. STILES, Plaintiff-Appellant,  
v.  
Anthony M. FRANK, Postmaster General; Harry Penttala; R. Dean Buchanan; Arnold L. Daitch; Gene Martin; Mona Cahill Owens; John Hay; Clovis L. Christenbury, II, Defendants-Appellees.

Nos. 91-5454, 91-5455 and 91-5648.

Aug. 6, 1992.

W.D.Tenn., 87-02602.

W.D.Tenn.

AFFIRMED.

Before DAVID A. NELSON, ALAN E. NORRIS and SUHRHEINRICH, Circuit Judges.

ORDER

**1 Allen W. Stiles, a pro se Tennessee resident, appeals a district court judgment dismissing his employment discrimination claims brought against multiple federal postal officials pursuant to Title VII, 42 U.S.C. § 2000e *et seq.*, and the Rehabilitation Act of 1973, 28 U.S.C. § 701 *et seq.* The appeals have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Appellees have waived oral argument.

Stiles alleged in his complaint that he was terminated from his employment because of his race, sex, age, handicap, and previous employment discrimination complaints. Subsequently, Stiles retained counsel who represented him in the district court. The district court dismissed the complaint as to all defendants except the Postmaster General. Thereafter, a bench trial was conducted, during which the district court dismissed the handicap, sex, and age discrimination claims after Stiles rested his case. At the close of the trial, the district court entered judgment for the Postmaster General as to the remaining claims. In his brief, Stiles argues that the district court erred in its credibility assessment and that the law was not correctly applied to the facts of his case. He requests oral argument, the appointment of counsel, and a free transcript.

Upon review, we affirm the district court's judgment dismissing Stiles's employment discrimination suit. The district court properly dismissed all defendants except the Postmaster General because only the head of a department or agency may be named as a defendant in a civil action brought to redress employment discrimination practices involving a federal agency. *See* 42 U.S.C. § 2000e-16(c); *Roberts v. Bailar,* 625 F.2d 125, 127 & n. 1 (6th Cir.1980). The district court's findings of fact were not clearly erroneous. *See Anderson v. Bessemer City,* 470 U.S. 564, 573-74 (1985). Contrary to Stiles's argument, the case was impartially decided. *See Woosley v. Hunt,* 932 F.2d 555, 562-63 & n. 6 (6th Cir.), *cert. denied,* 112 S.Ct. 195 (1991).

Accordingly, we deny the requests for relief and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.

972 F.2d 348 (Table), 1992 WL 188111 (6th Cir.(Tenn.)), Unpublished Disposition

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

C

NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA6 Rule 28 and FI CTA6 IOP 206 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Sixth Circuit.

Jesse JOHNSON, Plaintiff-Appellant,
v.
HANES HOSIERY, Defendant-Appellee.

No. 94-6184.

June 1, 1995.

W.D.Tenn., No. 94-02405; Jon P. McCalla, J.

W.D.Tenn.

AFFIRMED.

Before: JONES and RYAN, Circuit Judges; and MATIA, District Judge. [FN*]

FN* The Honorable Paul R. Matia, United States District Judge for the Northern District of Ohio, sitting by designation.

ORDER

**1 Jesse Johnson appeals a district court judgment dismissing his action filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Johnson filed his complaint in the district court alleging that he was fired from his job with defendant due to an injury he previously incurred in the course of his employment in defendant's Olive Branch, Mississippi, facility and due to false charges that plaintiff, a black man, sexually harassed a white woman. Defendant filed its answer and subsequently moved the court for leave to amend its answer to assert an additional defense that plaintiff executed a release of his claims following the filing of the complaint in this case. Next, plaintiff's deposition was apparently taken by defendant although no transcript of the deposition appears of record. The following day, the district court held a scheduling conference during which the subject of the release executed by plaintiff was addressed. Thereafter, the district court entered its judgment dismissing the action based upon the release. This timely appeal followed.

On appeal, plaintiff contends that the release executed by him was intended to apply only to his Mississippi workers' compensation case which was simultaneously pending against the defendant. Defendant responds that the district court did not abuse its discretion in dismissing this action on the basis of the release executed by plaintiff. Upon consideration, the judgment of the district court is affirmed because the district court did not abuse its discretion in dismissing this action based upon the release executed by plaintiff.

Generally, this court has recognized the well established authority of a district court to enforce settlement agreements in litigation pending before it. *Bamerilease Capital Corp. v. Nearburg,* 958 F.2d 150, 152 (6th Cir.), *cert. denied,* 113 S. Ct. 194 (1992); *Brock v. Scheuner Corp.,* 841 F.2d 151, 154 (6th Cir. 1988); *Kukla v. National Distillers Prods. Co.,* 483 F.2d 619, 621 (6th Cir. 1973). Ordinarily, an evidentiary hearing is required where facts material to an agreement are disputed. *Nearburg,* 958 F.2d at 153; *Aro Corp. v. Allied Witan Co.,* 531 F.2d 1368, 1372 (6th Cir.), *cert. denied,* 429 U.S. 862 (1976); *Kukla,* 483 F.2d at 622. However, this court also has concluded that no evidentiary hearing is required where an agreement is clear and unambiguous and no issue of fact is present. *Aro Corp.,* 531 F.2d at 1372. A district court's decision to enforce an agreement will be reviewed only for an abuse of discretion. *United States v. Hardage,* 982 F.2d 1491, 1496 (10th Cir. 1993); *Callie v. Near,* 829 F.2d 888, 890 (9th Cir. 1987). Here, the district court did not abuse its discretion in dismissing plaintiff's action based upon his execution of a release of his claim against defendant.

**2 As noted by the district court, plaintiff does not dispute executing the release or that the document provides that he expressly waives "any claims which I

57 F.3d 1069 (Table)  
(Cite as: 57 F.3d 1069, 1995 WL 329453, **2 (6th Cir.(Tenn.)))

Page 5

now have or might have in the future against said Employer arising out of the Americans With Disabilities Act or any claim for sex, age or racial discrimination." It is noted that plaintiff had little opportunity to challenge the applicability of the release to this case in the district court. First, defendant filed a motion for leave to amend its answer based upon the release, but no motion to dismiss or for summary judgment was filed. Second, the district court addressed the release with counsel for defendant ex parte after plaintiff did not appear promptly for the scheduling conference. The transcript reflects that plaintiff had little opportunity to address the matter after he arrived late and counsel for defendant was gone. Nonetheless, the district court did not abuse its discretion in dismissing the case when presented with the release that plaintiff admits he executed in which he ostensibly waived his claim.

Further, plaintiff's claim regarding the validity of the release will not be considered in the first instance on appeal. Plaintiff has submitted documents which appear to support his claim that the release should not apply in this case. However, these documents are not contained in the district court record and should not be considered in the first instance on appeal. *See* Fed. R. App. P. 10(a); *John Hancock Mut. Life Ins. Co. v. Weisman,* 27 F.3d 500, 506 (10th Cir. 1994); *Fassett v. Delta Kappa Epsilon,* 807 F.2d 1150, 1165 (3d Cir. 1986), *cert. denied,* 481 U.S. 1070 (1987). Plaintiff's recourse is to move the district court for relief from its judgment pursuant to Fed. R. Civ. P. 60(b). *See, e.g., Brown v. County of Genesee,* 872 F.2d 169, 174-76 (6th Cir. 1989) (per curiam); *Hinsdale v. Farmers Nat'l Bank & Trust Co.,* 823 F.2d 993, 995-96 (6th Cir. 1987); *Aro Corp.,* 531 F.2d at 1371. Therefore, the claim will not be considered by this court in the first instance. The plaintiff is not, of course, foreclosed from bringing a motion pursuant to Fed. R. Civ. P. 60(b).

Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.

57 F.3d 1069 (Table), 1995 WL 329453 (6th Cir.(Tenn.)), Unpublished Disposition

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works