UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES EDWARD LANG,

    Plaintiff,

    vs.

JOHN E. POTTER,
Postmaster General, *et al.*,

    Defendants.

Case No. 1:02-cv-121
Black, M.J.

Memorandum Opinion

Plaintiff James Edward Lang initiated this employment discrimination case by filing a *pro se* complaint pursuant to 42 U.S.C. § 2000e-5(f) alleging that his employment by the United States Postal Service ("Postal Service") was unlawfully terminated. (*See* doc. 2). Defendants are John E. Potter, Postmaster General of the United States, and Brian Abeling and Larry Smith, Postal Service supervisors (collectively "defendants"). (*See id.*) The parties have consented to final disposition and entry of judgment by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (*See* docs. 9, 10).

On February 23, 2004, defendants filed a Motion For Summary Judgment on the grounds that: (1) Abeling and Smith are not proper party defendants to this action; and (2) plaintiff waived his right to bring this action as part of an administrative settlement agreement. (Doc. 15). Plaintiff did not respond to the summary judgment motion.

On March 30, 2004, plaintiff was ordered to show cause in writing within fifteen days why defendants' motion should not be construed as unopposed, the allegations taken as true, and the motion granted as filed. (Doc. 18). Plaintiff did not respond to the

Court's Order To Show Cause.

Plaintiff's failure to respond to the motion for summary judgment warrants granting defendants' motion. *See* S.D. Ohio Civ. R. 7.2(a)(2). However, "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged [his initial] burden." *Stough v. Mayville Cmty. Schools,* 138 F.3d 612, 614 (6th Cir. 1998) (quoting *Carver v. Bunch,* 946 F.2d 451, 455 (6th Cir. 1991)). For the reasons that follow, the motion for summary judgment is granted.

## STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When the moving party files a motion for summary judgment, the nonmoving party cannot "rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986). When a motion for summary judgment goes unopposed, the district court may properly rely upon the facts provided by the moving party. *See Guarino v. Brookfield Township Trs.,* 980 F.2d 399, 404-05 (6th Cir. 1992).

## DISCUSSION

Defendants Abeling and Smith are entitled to judgment as a matter of law because they are not proper party defendants to this action. It is well settled that only "the head of the department, agency, or unit ... shall be the defendant" in an employment discrimination action involving a federal agency. 42 U.S.C. § 2000e-16(c). The Postmaster General is the only appropriate defendant in an employment discrimination suit against the Postal Service. *See Mahoney v. United States Postal Serv.,* 884 F.2d 1194, 1196 (9th Cir. 1989) (citing *Cooper v. United States Postal Serv.,* 740 F.2d 714, 716 (9th Cir. 1984), *cert. denied,* 471 U.S. 1022 (1985)); *see also Stiles v. Frank,* Nos. 91-5454, 91-5455, 91-5648, 1992 WL 188111, at *1 (6th Cir. Aug. 6, 1992) (order); *Roberts v. Bailar,* 625 F.2d 125, 127 & n.1 (6th Cir. 1980).

Defendant Potter, the Postmaster General, is also entitled to summary judgment because plaintiff affirmatively waived his right to bring this action when he entered into a settlement agreement resolving all claims arising from the termination of his employment. (*See* doc. 15, "Declaration of Arthur S. Kramer," ex. A, ¶ 6).

The Sixth Circuit Court of Appeals has determined that a settlement agreement which resolves claims arising out of the termination of employment is enforceable and precludes litigation with respect to the settled matters. *See Eppley v. Henderson,* No. 99-5439, 2000 WL 125749, at * 1 (6th Cir. Jan. 28, 2000). *See also Johnson v. Hanes Hosiery,* No. 94-6184, 1995 WL 329453, at * 1 (6th Cir. June 1, 1995) (and cases cited therein). Moreover, "a plaintiff who knowingly and voluntarily agrees to settle his claims

is bound by that agreement." *Folley v. Henderson,* 175 F. Supp. 2d 1007, 1011 (S.D. Ohio 2001) (quoting *Wyche v. Procter & Gamble,* 772 F. Supp. 982, 984 (S.D. Ohio 1990)). Insofar as plaintiff seeks to litigate matters that are subject of the settlement agreement, the Postmaster General is entitled to summary judgment and dismissal of the complaint. *See Simpson v. Columbus Southern Power Co.,* No. C2-02-1080, 2003 WL 21799897, at *3 (S.D. Ohio July 15, 2003).

Upon review of the record and consideration of the merits of defendants' motion for summary judgment, this Court finds that there is no genuine issue as to any material fact and that defendants are entitled to judgment as a matter of a law.

**IT IS THEREFORE ORDERED** that defendants' unopposed motion for summary judgment (doc. 15) is **GRANTED.** As no other matters remain pending for the Court's review, this case is **CLOSED.**

Date:   5/27/04                             s/Timothy S. Black
                                            Timothy S. Black
                                            United States Magistrate Judge